IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| I.T. PRODUCTIONS, LLC | : |
|  | : |
| v. | : Civil Action No. DKC 16-3999 |
|  | : |
| DOES 1-12 | : |
|  | : |

**MEMORANDUM OPINION AND ORDER**

On December 16, 2016, Plaintiff I.T. Productions, LLC ("Plaintiff") filed this action for copyright infringement against twelve "John Doe" defendants (the "Doe Defendants"). (ECF No. 1). Plaintiff owns the copyright to a movie titled *I.T.* ("the Work"). The Doe Defendants are alleged to have downloaded and/or uploaded the Work illegally using an internet protocol called BitTorrent. The Doe Defendants are identified in the complaint only by internet protocol ("IP") addresses assigned to a customer on a specific date by an Internet Service Provider ("ISP" or "Provider") and through which the copyrighted work was allegedly downloaded. On December 16, Plaintiff was directed to show cause why the court should not sever the Doe Defendants, with the exception of Doe 1, from this action and dismiss the claims against severed Does 2-12 without prejudice. (ECF No. 4). Plaintiff responded on January 6. (ECF No. 6). For the following reasons, the court finds the joinder of the

Doe Defendants improper and will sever the claims against all defendants except Doe 1, IP address 24.126.121.140.

Plaintiff contends that joinder of the Defendants is proper under Fed.R.Civ.P. 20(a)(2) because the Defendants' acts of infringement were part of a series of transactions on September 24, 2016, involving the same piece of the Work. Plaintiff alleges that the acts of infringement were performed by the Doe Defendants acting in concert with one another by using BitTorrent, a peer-to-peer file sharing protocol.[1] Plaintiff alleges that the Doe Defendants participated in the same swarm, a group of BitTorrent users sharing a file, to receive and transmit a digital copy of the Work associated with a specific hash value. (*See* ECF No. 1 ¶¶ 50-63).

Federal Rule of Civil Procedure 20 permits a plaintiff to join parties in a single action if (1) a right to relief is asserted against the defendants with respect to the same transaction, occurrence, or series of transactions or occurrences; and (2) a common question of law or fact will arise in the action. Fed.R.Civ.P. 20(a)(2). The rule grants courts "wide discretion concerning the permissive joinder of parties." *Aleman v. Chugach Support Servs., Inc.*, 485 F.3d 206, 218 n.5

---

[1] The BitTorrent protocol is described in more detail in the complaint. (*See* ECF No. 1 ¶¶ 22-41); *see also Patrick Collins, Inc. v. John Does 1-28*, No. 12-13670, 2013 WL 359759, at *1-3 (E.D.Mich. Jan. 29, 2013). It allows a digital file to be anonymously shared through a piecemeal process.

(4th Cir. 2007).    If Rule 20's requirements are not met, the court has the power to sua sponte sever the defendants deemed to be improperly joined pursuant to Rule 21.    *See, e.g.*, *Patrick Collins, Inc. v. Does 1-23*, No. 8:12-CV-00087, 2012 WL 1144918, at *1 (D.Md. Apr. 4, 2012).

Plaintiff's allegations do not support the joinder of multiple unknown and otherwise unrelated defendants.    The "swarm joinder theory" advanced by Plaintiff "has been considered by various district courts, the majority of which have rejected it."    *Raw Films, Inc. v. Does 1-32*, No. 1:11-CV-2939-TWT, 2011 WL 6840590, at *2 (N.D.Ga. Dec. 29, 2011).    Although courts are split on this issue, recent decisions of courts in this district in similar copyright infringement cases have found joinder to be improper.[2]    *See, e.g.*, Mem. & Order Re: Severance, *Criminal Prods., Inc. v. Doe 1, et al.*, No. RWT-16-3208 (D.Md. Sept. 28, 2016); Order Re: Severance, *LHF Prods., Inc. v. Does 1-14*, No. MJG-16-2759 (D.Md. Sept. 7, 2016); *Third Degree Films, Inc. v. Does 1-108*, No. DKC 11-3007, 2012 WL 1514807, at *3 (D.Md. Apr. 27, 2012); *SBO Pictures, Inc. v. Does 1-57,* No. RWT 12cv22, 2012 WL 1415523, at *2 (D.Md. Apr. 20, 2012); *CineTel Films, Inc. v.*

---

[2] As Plaintiff notes, Plaintiff's counsel has recently filed six other copyright infringement cases in this district.  (ECF No. 6, at 16).   In four of those cases, the court has either issued a sua sponte order severing the claims against all but one defendant or directed the plaintiff to show cause why the claims should not be severed.  (*Id.*).

*Does 1-1,052*, 853 F.Supp.2d 545, 548-54 (D.Md. 2012); *Patrick Collins*, 2012 WL 1144918, at *1.

The court agrees that the properties of BitTorrent are insufficient to support joinder because Rule 20's transactional component has not been met, i.e., the multiple Doe defendants, even though the IP addresses are alleged to participate in the same swarm, do not constitute "the same transaction, occurrence or series of transactions or occurrences." Fed.R.Civ.P. 20. The conclusory allegation that the Defendants acted in concert with one another is insufficient to establish that downloading and uploading a work as part of a swarm constitutes concerted action. *See Hard Drive Prods., Inc. v. Does 1-188*, 809 F. Supp.2d 1150, 1160 (N.D.Cal. 2011) ("As a threshold matter, the court rejected the plaintiff's argument that the single transaction or series of closely-related transactions requirement under Rule 20(a)(2) was satisfied merely because all defendants joined a common 'swarm' to upload or download the copyrighted film." (discussing *Diabolic Video Prods., Inc. v. Does 1-2099*, No. 10-CV-5865-PSG, 2011 WL 3100404 (N.D.Cal. May 31, 2011)). As Judge Garbis recently noted in holding that the allegation that defendants participated in a single swarm was insufficient to support joinder, "[r]ather than the individual defendants directly working together to obtain a particular file, it is the software, BitTorrent, that is smart enough to

4

seek out multiple unrelated people who have the same file and download it in pieces from several sources at once."[3]  Order Re: Severance at 4, *LHF Prods.*, No. MJG-16-2759.

Moreover, because each Doe Defendant is likely to have different and divergent defenses to the copyright violation claims, "joinder raises serious fairness concerns." *CineTel Films, Inc.*, 853 F.Supp.2d at 552; *see also Third Degree Films*, 2012 WL 1514807, at *3-4.  Thus, even if joinder were proper under Rule 20, the court would still find it appropriate to exercise its discretion to sever all but one defendant to avoid potential prejudice and unfairness, and to promote judicial economy and trial convenience.  *See Hard Drive Prods.*, 809 F.Supp.2d at 1164.

Finally, Plaintiff argues that the issue of joinder is better analyzed once the unknown Doe Defendants have been identified and served.  (ECF No. 6, at 19).  In *Third Degree Films*, this court initially denied defendants' motions to sever, holding in part that joinder for the limited purposes of serving the subpoenas on the Doe defendants was proper.  2012 WL 1514807, at *2.  The court initially expected that the fairness

---

[3] Plaintiff also argues that this case is distinguishable because it alleges contributory infringement, in addition to direct infringement, against each Doe Defendant, and emphasizes that this is not a "mass" copyright infringement action. (ECF No. 6, at 9-10).  As in *LHF Productions* and *Criminal Productions*, the court finds that the addition of this claim is insufficient to support joinder under Rule 20.

concerns raised by defendants' potentially different facts and defenses would not be apparent until after they were served and appeared in the action. *Id.* at *3. In subsequently revisiting the issue and holding joinder to be improper, the court noted that, "[c]ontrary to expectations, . . . the motions to quash and sever have themselves presented a wide variety of factual and legal issues pertinent to this case." *Id.* The Doe Defendants' personal identifying information is not needed to evaluate joinder, *see CineTel Films*, 853 F.Supp.2d at 549, and the experience of this court has proven that the countervailing concerns of "prejudice, expense, or delay," *see Aleman*, 485 F.3d at 218 n.5, substantially outweigh any convenience. Joinder is thus improper, and severance at this stage of the litigation is appropriate.[4]

---

[4] Plaintiff also argues that the court may only "drop" misjoined parties, dismissing that defendant from the case without prejudice, or sever claims and allow those claims to proceed with a new case number, and that if the court finds that joinder is improper, the claims against Does 2-12 should only be severed and not dismissed. (ECF No. 6, at 21-23 & n.12). Plaintiff has not shown that the statute of limitations or another issue limits the court's discretion to dismiss under Rule 21 here. *See DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006) ("Because a district court's decision to remedy misjoinder by dropping and dismissing a party, rather than severing the relevant claim, may have important and potentially adverse statute-of-limitations consequences, the discretion delegated to the trial judge to dismiss under Rule 21 is restricted to what is 'just.'"). Accordingly, the court will sever Doe Defendants 2-12 and dismiss Plaintiff's claims against the severed Doe Defendants. To be clear, the court is available to Plaintiff to enforce its copyright, but Plaintiff must

Accordingly, it is this 17th day of January, 2017, by the United States District Court for the District of Maryland, ORDERED that:

1.    With the exception of Doe 1, IP address 24.126.121.140, all Doe Defendants BE, and the same hereby ARE, SEVERED from this action;

2.    The claims of Plaintiff I.T. Productions, LLC, against the severed Doe Defendants 2-12 BE, and the same hereby ARE, DISMISSED without prejudice; and

3.    The clerk will transmit copies of the Memorandum Opinion and this Order to counsel for the parties.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge

---

separately file individual cases against each Doe Defendant. The joinder mechanism cannot be permitted in these circumstances.